UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
-------------------------------------------------------

| | |
|---|---|
| DAVID W. SVETE, | CASE NO. 4:06-CV-2000 |
| Plaintiff, | |
| vs. | OPINION AND ORDER |
| | [Resolving Docs. No. 1, 19, 21, 29] |
| DAVID P. PELTIER, et al., | |
| Defendants. | |

-------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

With this Opinion and Order, the Court decides whether it has subject matter jurisdiction over this case. On August 21, 2006, *pro se* Plaintiff David W. Svete ("Svete") filed a "Motion to Vacate NASD Dispute Resolution Arbitration Award." [Doc. 1.] The Court construed his motion as a complaint without a jury demand. *Id.* On February 15, 2007, Defendants David P. Peltier, et al. ("Peltier") filed a motion to dismiss Svete's complaint pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure. [Doc. 19.] Plaintiff Svete opposed this motion. [Doc. 22.]

For the reasons discussed below, the Court **DISMISSES WITHOUT PREJUDICE** Plaintiff's complaint against Defendants after finding that the Court does not have subject matter jurisdiction. Accordingly, the Court **DISMISSES AS MOOT** all outstanding motions in this case.

I. Facts

Svete, a prisoner currently in the custody of the Elkton Federal Correctional Institution in Lisbon, Ohio, filed a complaint *pro se* asking the Court to vacate an arbitration award. This award

-1-

Case No. 4:06-CV-2000
Gwin, J.

was apparently rendered pursuant to an arbitration agreement binding members licensed by the National Association of Securities Dealers ("NASD"). [Doc. 1.] Plaintiff's complaint challenges, *inter alia*, the ability of the arbitration agreement to bind Plaintiff, the neutrality of the arbitrators, and Plaintiff's notice of the arbitration. *Id.*

On February 15, 2007, Defendants filed a motion to dismiss for failure of jurisdiction. [Doc. 19.] In their motion, Defendants argue that the Court lacks subject matter jurisdiction under Sections 1331 and 1332 of Title 28 of the United States Code. *Id.* Defendants say that Plaintiff does not raise a justiciable federal question in his initial pleading and, further, fails to plead diversity jurisdiction. *Id.* In his response, Plaintiff Svete addresses the lack of diversity jurisdiction by introducing documents purporting to show that he was a citizen of Texas prior to incarceration. [Doc. 22.] Thus, before addressing the merits of this case, the Court must determine the threshold issue of subject matter jurisdiction.

## II. Legal Standard

"The federal courts are court of limited jurisdiction, and have a continuing obligation to examine their subject matter jurisdiction throughout the pendency of every matter before them." *Robinson v. Michigan Consol. Gas. Co. Inc.*, 918 F.2d 579, 582 (6th Cir. 1990). Cases may fall into two categories of federal subject matter jurisdiction: cases involving a federal question and those where the parties have diverse citizenship. Sections 1331 and 1332 of the United States Code confer this limited jurisdiction upon the United States District Courts. Section 1331 provides that "district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Section 1332 provides for jurisdiction where "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is

Case No. 4:06-CV-2000
Gwin, J.

between [] citizens of different States[.]" 28 U.S.C. § 1332.

Rule 12(b)(1) of the Federal Rules of Civil Procedure allows a defense to be raised by motion challenging a court's "lack of jurisdiction over the subject matter." FED. R. CIV. P. 12(b)(1). A court considers both the facial and factual sufficiency of the pleading in deciding a Rule 12(b)(1) motion to dismiss. *United States v. Ritchie*, 15 F.3d 592, 598 (6th Cir. 1994). A facial attack challenges the sufficiency of the pleading itself. In such cases, the Court takes all material allegations in the complaint as true and construes them in a light most favorable to the nonmoving party. *Id.* (citing *Scheuer v. Rhodes*, 416 U.S. 232, 235-37 (1974)). A plaintiff bears a relatively light burden when responding to a facial attack on subject matter jurisdiction. *Musson Theatrical, Inc. v. Federal Express Corp.*, 89 F.3d 1244, 1248 (6th Cir. 1996). Indeed, a plaintiff can "survive the motion by showing any arguable basis in law for the claim made." *Id.*

A factual attack challenges the court's power to hear the case, and the plaintiff has the burden to prove the existence of jurisdiction. *RMI Titanium Co. v. Westinghouse Elec. Corp.*, 78 F.3d 1125, 1134 (6th Cir. 1996); *Ohio Nat'l Life Ins. Co. v. United States*, 922 F.2d 320, 324 (6th Cir. 1990). In reviewing a factual attack, a district court is "free to weigh the evidence and satisfy itself as to the existence of its power to hear the case." *Ritchie*, 15 F.3d at 592 (internal citations omitted). A court has wide discretion to allow affidavits, documents, and even conduct a limited evidentiary hearing if necessary. *Ohio Nat'l Life Ins.*, 922 F.2d at 325. Ultimately, a court must "weigh the conflicting evidence to arrive at the factual predicate that subject matter jurisdiction exists or does not exist." *Id.*

### III.  Discussion

As presented, Plaintiff Svete's claim does not involve a justiciable federal question. Further,

-3-

Case No. 4:06-CV-2000
Gwin, J.

Plaintiff Svete has failed to properly plead diversity jurisdiction in his complaint.

### A. No Federal Question

Plaintiff's complaint asserts the Court's jurisdiction under Section 10 of the Federal Arbitration Act, which states in relevant part: "[T]he United States court in and for the district wherein the award was made may make an order vacating the award upon the application of any party to the arbitration[.]" 9 U.S.C. § 10. Despite the language of this section, Section 10 does not grant the Court subject matter jurisdiction; another ground, such as diversity of citizenship, must exist. *See, e.g.*, *Ford v. Hamilton Inv., Inc.*, 29 F.3d 255, 257-58 (6th Cir. 1994) ("[i]t is well established, however, that § 10 of the Arbitration Act does not constitute a grant of subject matter jurisdiction"). Therefore, Plaintiff's basis of federal question jurisdiction pursuant to Section 1331 cannot stand because Section 10 of the Arbitration Act does not, in and of itself, confer jurisdiction and Plaintiff has asserted no other basis for federal question jurisdiction. Thus, Plaintiff Svete's challenges to Defendants' arbitration award, regardless of their merits, appear to raise questions of state contract law, but do not create subject matter jurisdiction sufficient for the Court to hear Svete's complaint.

### B. Plaintiff Failed to Plead Diversity Jurisdiction

Although addressed in Plaintiff Svete's Motion in Opposition, his original complaint failed to plead diversity jurisdiction. Rule 8(f) of the Federal Rules of Civil Procedure requires pleadings to "be so construed as to do substantial justice." FED. R. CIV. P. 8(f). Moreover, a *"pro se* complaint should be liberally construed." *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003). Even with the above standard in mind, the Court cannot find any allegation of diversity jurisdiction in the Plaintiff's initial complaint. While Plaintiff's complaint avers his status as a prisoner, it does not

Case No. 4:06-CV-2000
Gwin, J.

assert his state of residence prior to incarceration. Plaintiff's subsequent motions and pleadings do not adequately address this threshold failing.

Defendants, residents of Ohio, say that Plaintiff's complaint makes it clear he resides in Ohio and, thus, a basis for diversity jurisdiction does not exist. Further, Defendants say that Plaintiff Svete's incarceration in Ohio renders him a citizen of this state for purposes of diversity jurisdiction. Defendant's assertion flatly misstates long-established applicable law. *See, e.g.*, *Stifel v. Hopkins*, 477 F.2d 1116, 1121 (6th Cir. 1973) (noting that "[i]t has . . . become black-letter law that a person cannot acquire a domicile of choice in a place if he is there by virtue of physical or legal compulsion"). To this end, Plaintiff Svete's pleading his Texas citizenship in his initial or amended complaint would have created the presumption of Svete's continued citizenship of Texas for diversity purposes in the instant action.

Limited authority allows a court to find diversity jurisdiction even when the complaint does not specifically allege it. *See, e.g.*, *Reich v. Tiller Helicopter Servs., Inc.*, 8 F.3d 1018 (5th Cir. 1993). However, "[a]lthough federal courts are liberal in their pleading practices, it is still the rule that a general allegation of jurisdiction must be borne out by a well-pleaded claim." *Jewell v. City of Covington*, 425 F.2d 459, 460 (5th Cir. 1970). Plaintiff's complaint does not contain sufficient information for the Court to find diversity of citizenship and Plaintiff has not amended his complaint sufficient for the Court to find such jurisdiction. Therefore, Plaintiff has not adequate pleaded diversity jurisdiction.

Thus, the limitations of Section 10 of the Federal Arbitration Act and absence of adequately pleaded diversity bar the Court from proceeding with this case.

Case No. 4:06-CV-2000
Gwin, J.

## IV.  Conclusion

For the foregoing reasons, the Court **DISMISSES WITHOUT PREJUDICE** Plaintiff's claims against Defendants.  Accordingly, the Court **DISMISSES AS MOOT** all outstanding motions in this case.

IT IS SO ORDERED.


Dated:  June 12, 2007                             s/          *James S. Gwin*
                                                  JAMES S. GWIN
                                                  UNITED STATES DISTRICT JUDGE